IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| URGENT CARE, INC. and § | | |
| URGICARE, INC. § | | PLAINTIFFS |
| § | | |
| v. § | | CAUSE NO. 1:07CV138 LG-JMR |
| § | | |
| SOUTHERN MISSISSIPPI URGENT § | | |
| CARE, INC., RONNIE ALI and AMY ALI § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR ORDER OF REMAND**

THE MATTER BEFORE THE COURT is Plaintiffs' Motion for Order of Remand [3], filed March 12, 2007. Defendants have filed a response. After due consideration of the pleadings and the relevant law, it is the Court's opinion that Plaintiffs' Motion is not well taken and should be denied.

DISCUSSION

The original plaintiff in this case, Lydia King-Rayner, filed a *pro se* complaint in the Circuit Court of Harrison County, Mississippi against the individual defendants, Ronnie Ali and Amy Ali on September 19, 2006. King-Rayner alleged that Amy Ali breached her employment contract by disclosing information concerning the clinic, contacting the clinic billing company and together with Ronnie Ali, using information improperly gathered from the clinic to open a competing clinic. Further, King-Rayner alleged that the Alis infringed on the UrgentCare, Inc. trademark in violation of the Lanham Trademark Act, 15 U.S.C. § 1051, *et seq*. Amy Ali was served with process, but Ronnie Ali was not.

Subsequently, King-Rayner obtained counsel, who filed an amended complaint substituting King-Rayner's corporations as plaintiff and adding the Ali's corporation as a

defendant. The causes of action are essentially the same as those in the original complaint; breach of contract and trademark infringement. Defendants allege they were served with the amended complaint on February 19, 2007. They filed their Notice of Removal eight days later, February 27, 2007, invoking the federal question jurisdiction of the Court pursuant to 28 U.S.C. § 1441(b).

      A defendant may generally remove a civil action filed in state court if the federal court would have had original jurisdiction. *See* 28 U.S.C. § 1441(a). Plaintiffs have questioned the timeliness of Defendants' notice of removal, which is governed by 28 U.S.C. § 1446(b), creating a 30-day limitation period for removing cases. The right to remove arises when a defendant is first put on notice that all prerequisites for invoking federal jurisdiction have been met. Thus, "if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant." *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 161 (5th Cir. 1992). If it is not readily apparent from the initial pleading that the case is removable, a notice of removal must be filed "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). "Removal statutes are to be construed strictly against removal and for remand and a failure to timely file a notice of removal is a defect that requires remand to state court." *Delaney v. Viking Freight, Inc.,* 41 F.Supp.2d 672, 674 (E.D.Tex.1999) (quoting *Eastus v. Blue Bell Creameries, L.P.,* 97 F.3d 100, 106 (5th Cir.1996) (quotes omitted), and citing *Royal v. State Farm Fire & Cas. Co.,* 685 F.2d 124, 127 (5th Cir. 1982)).

      Plaintiffs seek remand on two bases: 1) first that the Court shares concurrent jurisdiction

with state courts over Lanham Act causes of action and 2) Defendants' removal was untimely. The Court finds that the fact that federal and state courts have concurrent jurisdiction over Lanham Act cases does not require that this case be remanded. Unless "there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 460 (5th Cir. 1982); *see also Pace v. Hunt*, 847 F. Supp. 508 (S.D. Miss. 1994). Remand on this basis will be denied.

Moreover, it does not appear Defendant's notice of removal was untimely. Although more than 30 days elapsed between the filing of the original complaint and the Notice of Removal, the amended complaint added a new defendant, Southern Mississippi Urgent Care, Inc., which changed the character of the litigation so as to make it substantially a new lawsuit. *See Braud v. Transport Service Co. of Illinois*, 445 F.3d 801, 805-06 (5th Cir. 2006) ("If the complaint is amended, however, § 1446(b) 2 provides that the new defendant has a new window to remove as of the date of receipt of service of the amended complaint.") Although the addition of a new defendant can relate back to the original complaint, the notice criteria in FED. R. CIV. P. 15(c)(3) must be satisfied. *Id.* at 807, n.12. There is no indication in the record that Southern Mississippi Urgent Care, Inc. had notice of the complaint. Defendants argue that Ronnie Ali is the registered agent for the corporation, however, he was neither personally served nor served in his capacity as registered agent. Therefore, the Court concludes that the amended complaint does not relate back to the original complaint. A new 30-day removal period began when the Defendants were served with the amended complaint. Thus, the Notice of Removal timely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiffs' Motion for

Order of Remand [3] is **DENIED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that, pursuant to Rule 16.1 (B)(2)(b) of the RULES OF THE UNITED STATES DISTRICT COURTS FOR THE NORTHERN DISTRICT OF MISSISSIPPI AND THE SOUTHERN DISTRICT OF MISSISSIPPI, the parties shall promptly notify the magistrate judge of this order and shall promptly submit an order lifting the stay entered in this matter on March 14, 2007.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2007.

                                                        s/ *Louis Guirola, Jr.*
                                                        LOUIS GUIROLA, JR.
                                                        UNITED STATES DISTRICT JUDGE